## Lorretto Benevolent Association *v.* Henry L. Pope, and Sureties.

**Banks and Banking—Suit by Stockholders.**

Where the affairs of a bank are being wound up and the bank has a claim against the cashier and his bondsmen which the directors fail to sue for, the stockholders may institute proceedings therefor.

**Parties—Part Stockholders Suing for Themselves and Others.**

Where it is impractical to bring numerous stockholders before the court, within a reasonable time, and the question at issue is one of common interest, a part of the stockholders should, on application, be permitted to defend for the benefit of all the stockholders.

**Dismissal and Non-suit—Dismissal Without Prejudice.**

A cause held not dismissible, absolutely, for want of preparation, but that it might be dismissed without prejudice.

**Corporations—Entry of Order by Directors.**

An order entered by the directors of a bank to the effect that they are satisfied that the bank had been robbed and that its cashier and his bondsmen are not liable for the loss, is not conclusive either upon the stockholders or the corporation.

**Banks and Banking—Liability on Cashier's Bond—Robbery.**

If a bank has been robbed without collusion of its cashier, and the robbery was not rendered possible by the cashier's negligence or incompetency, the cashier and his bondsmen are excused from liability for loss by the robbery.

**Banks and Banking—Action on Cashier's Bond—Defense—Robbery.**

In an action on the bond of a bank-cashier for money of the bank unaccounted for, and the defense is robbery of the bank, the burden is on the bondsmen to show not only the robbery, but to establish the fact that at the time of its commission the cashier was discharging the duties of his office with skill, prudence and fidelity.

**Banks and Banking—Negligence of Cashier—Liability on Bond.**

It was held negligent for the cashier of a bank to open the vaults to count the cash on hand, thereby exposing a large amount of money when no other person was present, resulting in the bank being robbed, and the cashier and his bondsmen are liable for loss by the robbery under such circumstances.

**Banks and Banking—Action on Cashier's Bond—Burden of Proof.**

Where a bank cashier and his bondsmen defend an action on the bond on the ground that the bank was robbed of the money for which they are sued, the burden is on them to establish the robbery, and that it was not the result of negligence on the part of the cashier.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 16, 1874.

OPINION BY JUDGE LINDSAY:

Before the institution of this action, the Mechanics Bank had ceased to do business. Almost all, if not all, of its available assets had been sold and delivered to the Farmers and Drovers Bank, which had undertaken to pay, and was paying off its depositors. For all the purposes of its creation it had ceased to exist; and if its directory was discharging any duties, or exercising any powers, they were confined to such steps as were necessary, or incident to the final abandonment of the chartered privileges of the corporation.

Under such a state of case, the chancellor had the undoubted right to take charge of the assets remaining on hand, to settle the affairs of the corporation, and to distribute among the stockholders whatever amount might be saved from the general wreck. To do this it was necessary, that all sums due to the bank should be collected, and if the corporation had a cause of action against H. L. Pope, late cashier, and his bondsmen, and the directors failed, as it is shown they did, to institute proceedings against Pope and his sureties, the right of such of the stockholders as were unwilling to abandon the claim to inaugurate such proceedings, cannot be doubted.

The complaint is that H. L. Pope, as cashier of the bank, was the custodian of all the books, bills, accounts, and moneys belonging to the corporation, and that he had failed to produce and pay over about seventy-two thousand dollars, which were in the vaults of the bank, and under his control and in his keeping on or about June 17, 1870. Pope and his sureties answer, and admit all; but plead in avoidance that on the said June 17, 1870, without fault on the part of the cashier, the bank was robbed of the said sum of seventy-two thousand dollars, and hence that they are not legally liable to account for it or any part of it. The prayer of the petition is not such, alone, as to authorize a judgment against Pope and his sureties in favor of the plaintiff; and it is evident from the language used that such a judgment was not expected.

The plaintiffs, who own but a portion of the stock, ask the appointment of a receiver; that he be required to investigate the con-

dition of the bank, and collect from any and every source and amount that may be due and owing the corporation; and that Pope and his sureties be compelled to account for and pay over for distribution among the parties entitled thereto, said sum of $72,170.33, with interest, etc. It is not very clear to whom it was desired Pope and sureties should pay over the sum stated; but it must have been to the receiver, when appointed.

Pending the litigation, appellants moved that Barnett, Kaye, Kendrick, and Bacon be allowed to defend the action for the benefit of all the stockholders who had not joined as plaintiffs nor answered as defendants. This motion was objected to by appellees and overruled by the court. We regard this as the first error prejudicial to appellants. It was impracticable to bring the numerous stockholders before the court, within a reasonable time, and as the question was one of common interest, the case came clearly within the provisions of Sec. 37, Civil Code. The effect of the order, if made, would have been to bring all the parties in interest into court, to have placed it in the power of the chancellor without the intervention of a receiver, and to have settled the controversy between the stockholders, and the cashier and his sureties. When a receiver was subsequently appointed, he was not ordered to take charge of the prosecution and collection of this claim; and, when the cause was finally submitted in this condition, the claim against Pope and sureties, instead of being referred to the receiver for prosecution, was absolutely dismissed. Whilst we incline to the conclusion that as the case stood, judgment should have been rendered in favor of the plaintiffs, it is clear the cause should not have been dismissed absolutely for want of preparation. The most that appellees could claim was a dismissal without prejudice. The want of preparation was owing as much to an error committed at appellees' instance as to the laches of appellants. We are of opinion also that it was erroneous to dismiss as to Pope and sureties on the merits.

The order entered by the directory, to the effect that they were satisfied that the bank had been robbed, and that Pope and his bondsmen were not liable to make good the loss, was not conclusive either upon the stockholders, or the corporation. Such action was not within the scope of the authority of the directors. If such was their opinion, it justified them in failing to sue; but the manner in which they expressed such opinion did not stop the direc-

tory nor the stockholders, upon the dissolution of the corporation, from taking steps to test the legality and sufficiency of Pope's defense, it not being pretended that a formal, or any kind of release was executed to him by that directory, which he avers was satisfied of his innocence and good faith. If that directory had seen proper, by the execution of a release, to assume responsibility to their constituents, there might have been some plausibility in the position assumed by appellees on this question; but as matters stand, it falls far short of being even plausible.

Without entering into an investigation as to the evidence relied on to establish the robbery, which, for reasons hereafter appearing, we deem unnecessary, we feel that a reversal is inevitable, in consequence of the preponderance of the evidence in favor of the conclusion that even if the bank was robbed, the robbery was the result of Pope's negligence.

The covenant upon which appellants sue, is to the effect, that H. S. Pope should faithfully, and to the best of his ability, perform the duties of his office of cashier in such a manner as the charter and by-laws of the corporation provided, and pay over and apply all moneys of the bank that might come to his hands or possession, or be intrusted to his care in such manner as the president and directors might order or require. If the bank was robbed, without the collusion of the cashier, and if the robbery was not rendered possible by his negligence or incompetency, to the extent that the moneys of the bank were lost thereby, it will excuse him and his sureties from the performance of this undertaking to hold and account for the same as provided by the charter and by-laws, and in obedience to the order or requirements of the directory. But the burden of proof is upon the bondsmen to show not only the robbery, but to establish the fact, that at the time of its commission the cashier was discharging the duties of his office with skill, prudence and fidelity. On June 17, 1870, Pope swears, and the books of the bank show there was on hands over $8,000 in cash. Frank Pope swears that the usual business of the bank was transacted on the morning of that day, that nothing happened out of the ordinary course of business, up to 2:15 o'clock p. m., when he and his brother clerk, Ferguson, left the banking house for their dinners, leaving the cashier making change for a person "who seemed to be a plain dressed countryman."

The cashier speaks of no unusual run of business, and says that

the bank was closed promptly at the hour of two o'clock p. m., at which time he deposited all the money in the vault, locked it and the doors of the banking house, and left for his dinner. He returned at about five o'clock p. m., read the newspapers a short while, and then unlocked the vault and took out a portion of the money, in order to count it and balance his cash account for the day. As he was about to finish, two men approached him from the rear of the banking house, attacked him at once, and by the use of chloroform rendered him insensible, and then, as he supposed, and as appearances indicated, took and carried away about seventy-two thousand dollars of the money.

Appellants insist that it was gross negligence upon the part of Pope to open the vault, with no one in the banking house except himself, and that this negligence is the more inexcusable, as no reason is shown why the money was not counted, and the cash balance adjusted before going to dinner, and whilst Frank Pope and Ferguson were present. The depositions of John G. Barret, J. T. Galt, H. Sendenberger, R. B. Alexander, John B. Smith and Breckenridge and McConnell, all experienced bank officers, are taken; and these witnesses all concur in stating that it is the practice in the city of Louisville for bank tellers to count and balance the cash immediately after banking hours, and before going to dinner, and that this can generally be done in half an hour, occasionally an hour being required. They all agree that it is the custom of their respective banks to have at least two persons present when the vault is opened. They regard it as imprudent and hazardous, and some of them speak of it as gross negligence, to open the vault and have the cash exposed with only one person present at the time. The testimony of Tilden and Morgan rather conduces to show the contrary; but the general tenor of the evidence is strengthened by that of Julion, who was Pope's predecessor in office.

As the case must go back for further preparation, we refrain, as far as practicable, from a minute investigation of the testimony, and reverse simply upon the ground that as the case now stands, the natural, if not the inevitable conclusion is, that the robbery, if committed, was rendered possible by the want of ordinary care upon the part of the officer of the bank, who, with his sureties, is here asking to be released from his covenant to keep and preserve its moneys.

It was not necessary, in the petition, to allege negligence. Appellees undertake to defend upon the ground of the robbery of the bank. It is necessary that they shall show by satisfactory proof, not only that there was a robbery, but that it was not provoked, nor rendered possible by want of care or culpable negligence upon the part of Pope. If the failure to show care and diligence, or if appellant, by counterproof, establishes such negligence as directly contributed to the success of the robbers, they are entitled on the covenant, to payment for the amount lost, not exceeding the penalty of the bond, so far as the sureties are concerned.

The judgment dismissing the petition as to Pope and sureties is reversed, and the cause remanded with instructions to cause the action to be prosecuted in the name of the receiver, and that he be allowed to amend the prayer for relief. We need not now express an opinion as to the right of appellees to have the questions of fact tried by a jury. That point cannot be determined until the parties, or some of them, ask a jury.

Further proceedings will be had consistent with this opinion.

*Barnett & Edwards, James Speed, for appellant.*

*H. Pope, Wm. R. Thompson, J. R. Dupey, for appellees.*